[Dkt. No. 50]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| JOHN GRANGER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>INFINITY TITLE AGENCY, INC., et al,<br><br>　　　　　Defendants. | Civil No. 07-6050 (RMB)<br><br>**OPINION** |

Appearances:

　　John Granger, pro se
　　2820 Audobon Village Drive, Suite 339
　　Audobon, PA 19403

　　Kevin Sachs
　　Archer & Greiner, P.C.
　　One Centennial Square
　　Haddonfield, NJ 08033
　　　　Attorney for Defendants Infinity Title Agency, Inc.,
　　　　Infinity Settlement Agency of PA, L.L.C., and James
　　　　Greene

　　Norman Lehrer
　　1205 North Kings Highway
　　Cherry Hill, NJ 08034
　　　　Attorney for Third Party Defendants Joseph Lambert,
　　　　William Coyle, and Site Solutions, Inc.

**BUMB**, United States District Judge:

**I.　Introduction**

　　This matter comes before the Court upon Plaintiff John

Granger's motion for reconsideration.  Plaintiff has moved the

1

Court to reconsider its Order of April 16, 2009 [Dkt. No. 49] granting the motion by Defendants Infinity Title Agency, Inc., Infinity Settlement Agency of PA, L.L.C., and James Greene ("Defendants") for partial summary judgment on Counts III through VIII and limitation of damages as to Counts I and II, and entering judgment against Defendants in the amount of $2,050 on Counts I and II.[1]  Because the Court finds that it did not overlook any critical facts nor err in its application of the appropriate legal standards, Plaintiff's motion is denied.

**II.  Standard**

A motion for reconsideration is "an extraordinary remedy that is granted 'very sparingly.'" Bracket v. Ashcroft, 2003 U.S. Dist. LEXIS 21312 at *5 (D.N.J. Oct. 7, 2003).  There are three grounds for granting a motion for reconsideration: (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  See Carmichael v. Everson, No. 03-4787, 2004 U.S. Dist. LEXIS 11742, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004); Brackett v. Ashcroft, No. Civ. 03-3988, 2003 U.S. Dist. LEXIS 21312, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003).  "A motion

---

[1] The Court assumes the parties' familiarity of the facts and therefore will not recite them again.

for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through – rightly or wrongly.'" Oritani S & L v. Fidelity & Deposit, 744 F. Supp. 1311, 1314 (D.N.J. 1990).

Overall, the moving party must show "dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered. P. Schoenfeld Asset Mgmt., 161 F. Supp. 2d 349, 353 (D.N.J. 2001); Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J. 1987). The "proper ground for granting a motion to reconsider, therefore, is that the matters or decisions overlooked, if considered by the court, 'might reasonably have altered the result reached.'" G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting New York Guardian Mortgagee Corp. v. Cleland, 473 F. Supp. 409, 420 (S.D.N.Y. 1979)).

**III.  Analysis**

In his motion for reconsideration, Plaintiff does not argue that an intervening change in controlling law has occurred, or that evidence not previously available has become available, or even that the Court overlooked any particular facts law that would have required a different outcome.  Rather, Plaintiff contends that by granting summary judgment, the Court "seize[d] Plaintiff John Granger's Right of Trial by Jury" in an attempt to

3

"rush to judgment to prevent the trial in a Trial by Jury invoked by and guaranteed to Plaintiff John Granger." (Pl. Motion at 10).

While Plaintiff is correct that he is generally entitled to a jury trial, it appears that Plaintiff fails to understand the concept of summary judgment and how this tempers his right to a jury trial. Summary judgment is appropriate when one party is entitled to judgment as a matter of law and there is no genuine issue of material fact that requires trial. Fed. R. Civ. P. 56(c). As the Supreme Court has noted, "the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627 (1944). Instead, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In this case, after reviewing the parties' submissions and holding oral argument, the Court found that there was no genuine issue of material fact that warranted a trial. Indeed, the Defendants made a clear showing that the case could and should be resolved as a matter of law. Accordingly, the Court did not "seize" Plaintiff's rights to a jury trial by granting summary judgment; rather, it simply found that there was no factual issue

that necessitated a trial because 1) Defendants conceded liability as to Counts I and II for copyright infringement, 2) the law precluded Plaintiff from recovering statutory damages or attorney fees, and 3) Plaintiff did not present any evidence of a causal nexus between Defendants' infringement and their profits. This is precisely when a grant of summary judgment is appropriate.

In addition, Defendants provided evidence that Plaintiff's licensing fees (the only damages to which he is entitled for the infringement) were calculated as $2,050 and Plaintiff has never disputed this amount.

### IV. Conclusion

Because Plaintiff has not set forth any valid reason why this Court should reconsider its prior Order, Plaintiff's motion for reconsideration is denied.  An appropriate Order shall issue this date.

Dated:  May 19, 2009          s/Renée Marie Bumb
                              RENÉE MARIE BUMB
                              UNITED STATES DISTRICT JUDGE